IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00901-KLM

KUM SUN MCDONALD,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,[1]

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[2] on the **Social Security Administrative Record** [#11],[3] filed June 17, 2016, in support of Plaintiff's Complaint [#1] seeking review of the decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq. On August 11, 2016, Plaintiff filed an Opening Brief [#18] (the "Brief"). Defendant filed a Response [#19] in opposition, and Plaintiff filed a Reply [#24]. The Court has

---

[1] On January 23, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill is therefore "automatically substituted" as the properly-named Defendant in this action.

[2] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See* [#14, #25].

[3] "[#11]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the decision of the Commissioner is **REVERSED** and **REMANDED**.

**I. Background**

Plaintiff alleges that she became disabled at the age of fifty-seven on May 1, 2011. Tr. 15, 24.[4] On October 26, 2012, Plaintiff filed an application for disability insurance benefits under Title II. Tr. 15. On May 9, 2014, an Administrative Law Judge (the "ALJ") issued an unfavorable decision. Tr. 25.

The ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2015, and that Plaintiff had not engaged in substantial gainful activity ("SGA") since May 1, 2011, the alleged onset date. Tr. 17. The ALJ found that Plaintiff suffers from two severe impairments: (1) "osteoarthritis of the bilateral knees status post arthroscopies" and (2) "lumbar disorder status post laminectomy." Tr. 17. However, the ALJ also found that these impairments, individually or in combination, do not meet or medically equal "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526)." Tr. 18-19. The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work as follows:

> [S]he can lift and/or carry 20 pounds occasionally and 10 pounds frequently, sit 6 hours in an 8 hour workday, stand and/or walk 6 hours in an 8 hour workday and push/pull within stated lift/carry limitations. She can

---

[4] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 11 through 11-8 by the sequential transcript numbers instead of the separate docket numbers.

> occasionally operate foot and hand controls and reach overhead. The claimant can frequently handle, finger, and feel. She can occasionally climb ramps and stairs, but cannot climb ladders and scaffolds. She cannot kneel and crawl or work at unprotected heights or with vibrating tools.

Tr. 19. Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff could not perform her past relevant work as an electronics assembler or as a furniture cleaner, but that she was able to perform other work, including the representative occupation of semi-conductor assembler. Tr.24-25. She therefore found Plaintiff not disabled at step five of the sequential evaluation. Tr. 25. The ALJ's decision has become the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. §§ 404.981.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

> [T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue,* 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). The existence of a qualifying disabling impairment must be demonstrated by "medically

acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel,* 231 F.3d 687, 689 (10th Cir. 2000)). In other words, the Court does not reexamine the issues de novo. *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*" *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A.     Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall*, 561 F.3d at 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him or her] from performing [his or her] past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether [he or she] possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

**B.    Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III.  Analysis

Plaintiff asserts that the ALJ erred in three ways. First, Plaintiff argues that the ALJ failed to discuss or include Plaintiff's cervical degenerative disease and upper extremity radiculopathy in the RFC. *Brief* [#18] at 25-28. Second, Plaintiff argues that the ALJ failed to comply with 20 C.F.R. § 404.1527 by failing to conduct the proper legal analysis and accord adequate weight to the opinions of Plaintiff's medical sources. *Id.* at 29-37. Third, Plaintiff argues that the ALJ's RFC is not supported by substantial evidence. *Id.* at 38-40.

The Court begins with the second argument. Plaintiff takes issue with how the ALJ

treated four of the opinions by medical personnel.  *Brief* [#18] at 29-37.  The Court need only address one, however.  The ALJ was unable to review the medical opinion of Bryan Reichert, MD ("Reichert"), because for some unknown reason it never became part of the record.  *Brief* [#18] at 32; [#18-1] at 1-3.  Plaintiff states that she does not know why Dr. Reichert's questionnaire responses were not properly submitted, but she speculates that it may have been because of "a failed fax."  *Id.*  She does present evidence, however, that a fax was sent to the Social Security Administration Agency from her counsel's Microsoft Outlook through "myfax.com" on January 20, 2014, at 2:17 p.m.  *See* [#18-1] at 4.  The attachment to that e-mail is a PDF file titled "RFCQ Dr. Reichert 1-13-14.pdf," and there is no indication that this document is not what it purports to be, i.e., the missing opinion from Dr. Reichert.  *See id.*

Pursuant to 42 U.S.C. § 405(g), the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  "Evidence is material if the [Commissioner's] decision might reasonably have been different had the new evidence been before [her] when [her] decision was rendered."  *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010) (brackets and internal quotation marks omitted).  Here, the evidence is "new" because it was never considered by the ALJ or the Appeals Council, and it is "material" because it is an opinion by a purportedly treating physician, which generally is given controlling weight unless the ALJ states appropriate reasons for not doing so.  *See Allman v. Colvin*, 813 F.3d 1326, 1331 (10th Cir. 2016).

The Court next turns to the "good cause" requirement of 42 U.S.C. § 405(g).

"[W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored." *Wilson*, 602 F.3d at 1149 (quoting *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997)). "Allowing a claimant to hold opinion evidence as to her limitations to present to the district court in the first instance would seriously undermine the regularity of the agency process and is not allowed." *Id.* (citing *Bradley v. Califano*, 573 F.2d 28, 30 (10th Cir. 1978) ("'Good cause' is more than a desire to relitigate the same issues.")).

Generally, the failure of counsel to submit existing evidence to the ALJ for consideration does not mandate reversal of a denial or remand for further analysis by the ALJ. *See Maes v. Astrue*, 522 F.3d 1093, 1098 (10th Cir. 2008). However, the *Maes* court noted that "[t]his is particularly the case when the missing medical records are not obvious from the administrative record or otherwise brought to the attention of the ALJ." *Id.* In *Maes*, the Tenth Circuit Court of Appeals held that "[b]ecause the records' significance were not brought to the attention of the ALJ and counsel affirmatively indicated the record was complete, the ALJ did not have a duty to obtain [the physician's] records." *Id.*

Here, counsel affirmatively indicated that the record was complete. Tr. 33-34. However, the potential significance of Dr. Reichert's opinion was highlighted for the ALJ in the Attorney Brief to the ALJ when Plaintiff's counsel extensively cited to the physician's opinion. Tr. 203. Further, given the evidence provided by Plaintiff's counsel that Dr. Reichert's opinion was submitted to the Commissioner, *see* [#18-1] at 4, this does not appear to be a situation where Plaintiff or her counsel were simply not diligent. In fact, based on the evidence before the Court, it is impossible to say whether there was a

technical glitch or, perhaps, whether there may even have been an error on the part of the Commissioner, if the document was received but somehow simply not added to the record. Of course, Plaintiff's attorney *should* have caught the omission when reviewing the final collection of evidence on which Plaintiff rested her case at the hearing. *See Branum v. Barnhart*, 385 F.3d 1268, 1271-72 (10th Cir. 2004). However, under the unusual circumstances of this case, where there appears to have been a technical glitch or human error that does not, on this evidence, appear to be directly the fault of Plaintiff or her counsel, the Court finds it to be prudent, fair, and in accord with 42 U.S.C. § 405(g) to remand this case to the Commissioner for consideration of the opinion of Dr. Reichert, a purported treating physician of Plaintiff.

Given that Dr. Reichert's opinion *might* be given controlling weight, it could possibly alter the ALJ's reasoning with respect to any or all other aspects of her decision which Plaintiff asserts in the present briefing constitute error. The Court makes no comment or opinion on the merit of any other argument submitted by Plaintiff. However, the Court invites the ALJ to revise her decision in any way she deems appropriate to address issues raised by Plaintiff in this case which Plaintiff purports to have been error. In so saying, the Court does not find or imply that Plaintiff is or should be found disabled. *See, e.g.*, *Knuutila v. Colvin*, 127 F. Supp. 3d 1146, 1152 n.5 (D. Colo. 2015).

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **REVERSED** and this matter is **REMANDED** for further proceedings consistent

with this opinion.

IT IS FURTHER **ORDERED** that each party shall bear its own costs and attorney's fees.

Dated: September 20, 2017

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge